# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELA FERGUSON,  )  | |
| ) | Civil Action No. 2:21-cv-586 |
| Plaintiff, ) | |
| ) | **JURY TRIAL DEMANDED** ) |
| v.  ) | |
| ) | |
| RUE21, INC.,  ) | |
| ) | |
| Defendant. | |

## CIVIL COMPLAINT

Plaintiff, Angela Ferguson, by undersigned counsel files this Civil Complaint and in support alleges the following.

### I. Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5(f)(3), as amended by the Civil Rights Act of 1991; 42 U.S.C. §2000e- 5; 28 U.S.C. §§1331, and 1343(a).

2. Plaintiff has satisfied all the procedural and administrative requirements set forth in Title VII and in particular:

   a. Plaintiff filed a timely written charge of discrimination on with the Equal Opportunity Employment Commission and cross filed with the Pennsylvania Human Relations Commission on September 9, 2020.

   b. Plaintiff received a Notice of Right to Sue from the EEOC dated April 7, 2021.

   c. This action was filed with this Court within 90 days of receipt of that Notice.

### II. Parties

3. Plaintiff, Angela Ferguson, is an adult individual who resides at 237 Hickory Heights Drive, Bridgeville, PA 15017.

4. Defendant Rue21, Inc. is a corporation with its principal place of business at 800 Commonwealth Drive, Warrendale, Pennsylvania 15086. Defendant is an employer within the meaning of Title VII because it employs more than 15 employees. At all times relevant, Defendant was Ms. Ferguson's employer.

5. At all times relevant hereto, Defendant acted or failed to act by and through its duly authorized agents, servants, and employees, who conducted themselves within the scope and course of their employment.

### III. Factual Background

6. Ferguson worked for Defendant from October 2016 until June 12, 2020 and last held the position of Senior Buyer of the Juniors and Guys Jewelry and Fashion Accessories departments.

7. In or about December 2019, Ferguson received a positive performance review, was assigned additional responsibilities, and recommended for a promotion.

8. On or about January 21, 2020, Ferguson informed Defendant of her pregnancy and was approved for maternity leave under the Family Medical Leave Act ("FMLA").

9. Shortly thereafter, Defendant announced the upcoming promotions, but Ferguson was passed over without explanation.

10. On or about March 25, 2020, Ferguson was furloughed as part of Rue21's "hunkering down phase".

11. On or about June 12, 2020, Defendant terminated Ferguson for stated reasons relating to cost-cutting efforts. Indeed, Defendant terminated Ferguson while retaining her lower performing peers.

12. Soon thereafter, Defendant filled Ferguson's position with a new employee who

was not pregnant and had not recently given birth.

13. Ferguson believes the stated reasons for including her position in the first round of layoffs was pretext, and that she was terminated as part of Rue21's continued pattern and practice of targeting female, pregnant employees.

## Count I
## Title VII
## Pregnancy and Gender Discrimination

14. Plaintiff incorporates by reference the allegations in paragraphs 1 through 12 as if fully set forth herein.

15. Defendant fired Plaintiff because of her sex and pregnancy in violation of 42 U.S.C. §2000e-2(a)(1).

16. Defendant's actions were done with reckless indifference to Plaintiff's federally protected rights.

17. As a direct and proximate result of Defendant's actions, Plaintiff lost her job and suffered lost wages and benefits, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, Plaintiff demands judgment against Defendant for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1), as follows:

   a. That Defendant be ordered to reinstate Plaintiff into the position she occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

   b. That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one which

        Plaintiff occupied on June 12, 2020;

c.     That Defendant be required to provide Plaintiff with front pay if the Court determines reinstatement is not feasible;

d.     That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

e.     That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

f.     That Plaintiff be awarded punitive damages against Defendant in an amount sufficient to punish them and to deter similar conduct;

g.     That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by Title VII;

h.     That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney fee;

i.     That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

WHEREFORE, Ms. Ferguson demands judgment against Defendant in an amount to be proven at trial, and other legal and equitable relief as well as compensatory and punitive damages as the court deems to be proper, plus interest and a reasonable attorney fee.

                Respectfully submitted,

                **EDGAR SNYDER & ASSOCIATES**

                /s/ Amy N. Williamson, Esq.
                Amy N. Williamson
                PA I.D. No. 90657
                awilliamson@edgarsnyder.com
                US STEEL TOWER, 10TH FLOOR
                600 GRANT STREET
                PITTSBURGH, PA 15219
                TELEPHONE: (412) 394-4458
                FACSIMILE: (412) 391-7032
                *Attorney for Plaintiff*